NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3863
_____

UNITED STATES OF AMERICA

v.

NOEL K. BANGO,

Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-08-cr-00153-001)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 24, 2010

Before:  SMITH, FISHER and GREENBERG, *Circuit Judges*.

(Filed: July 2, 2010 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Noel Bango appeals his judgment of conviction and sentence for failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a).  For the reasons set forth below, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we recite only those facts necessary to our analysis.

On June 5, 1996, Bango was convicted of sexual battery with force or injury, in violation of Fla. Stat. § 794.011(3), in the Circuit Court for Palm Beach County, Florida. As a result, he served a term of imprisonment and was required to register as a sex offender under 42 U.S.C. § 16913.

Shortly after his release from prison in May 2007, Bango registered as a sex offender in Florida and Pennsylvania, providing a Philadelphia address as his residence. In September 2007, he purchased a home in Delaware, but did not immediately reside there. In January 2008, Bango registered as a sex offender in North Carolina, providing the address of a hotel as his residence. In February 2008, Bango began residing in his Delaware home, but never registered with the Delaware Sex Offender Central Registry. He was arrested on September 23, 2008, and charged with one count of violating § 2250(a), under which individuals who travel interstate and fail to register in accordance with 42 U.S.C. § 16913 may be charged criminally.

On April 29, 2009, Bango entered a guilty plea in the United States District Court for the District of Delaware. However, on May 22, 2009, he filed a *pro se* motion to withdraw his guilty plea, arguing that the Federal Public Defender's Office ("FPDO") had coerced him into accepting the agreement. Despite these allegations, on May 26, 2009,

2

Bango filed an "addendum" in which he requested that the FPDO continue representing him. The FPDO subsequently filed a motion to withdraw from representing Bango and denied the allegations of coercion.

On May 28, 2009, at Bango's post-plea detention hearing, the District Court considered both motions. The Court concluded that the FPDO had provided "fine representation," but that, given Bango's allegations, there had been an "irretrievable breakdown" in the attorney-client relationship. (Supp. App. 89, 93.) The Court then granted the FPDO's motion to withdraw as counsel and denied Bango's motion to withdraw his guilty plea. After continuing the detention hearing with Bango proceeding *pro se*, the Court granted the government's motion for detention pending sentencing, noting that Bango had not met his burden of showing that he did not pose a danger to the community.

The District Court appointed new counsel eight days later, on June 5, 2009. On September 24, 2009, Bango was sentenced to 21 months of incarceration followed by a three-year period of supervised release. This timely appeal followed.

II.

On appeal, Bango argues that (1) his Sixth Amendment right to counsel was violated when the District Court required him to proceed *pro se* for the remainder of the May 28, 2009 post-plea detention hearing, after the FPDO's motion to withdraw was granted, (2) the government breached his plea agreement by failing to request a

3

downward departure, and (3) his sentence was procedurally and substantively unreasonable. The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

We exercise plenary review over constitutional challenges to a defendant's conviction. *See United States v. Walker*, 473 F.3d 71, 75 (3d Cir. 2007). We also conduct plenary review of an alleged breach of a plea agreement. *See United States v. Hodge*, 412 F.3d 479, 485 (3d Cir. 2005). We review a sentence for reasonableness, under an abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

## A.

We first consider Bango's claim that his conviction was obtained in violation of his Sixth Amendment right to counsel because he was temporarily denied counsel at the May 28, 2009 post-plea detention hearing. The Sixth Amendment guarantees "an accused the assistance of counsel at all critical stages of a proceeding." *Henderson v. Frank*, 155 F.3d 159, 166 (3d Cir. 1998). Notwithstanding this guarantee, reversal is only warranted where the "deprivation of the right to counsel affected – and contaminated – the entire criminal proceeding." *Satterwhite v. Texas*, 486 U.S. 249, 257 (1988). Thus, we apply a harmless error standard to denials of counsel, even at allegedly critical stages of criminal proceedings. *See, e.g.*, *Ditch v. Grace*, 479 F.3d 249, 256 (3d Cir. 2007) (applying harmless error standard to deprivation of counsel at preliminary hearing). Any

4

alleged error based on a deprivation of counsel is harmless where it does not "undermine the reliability of the entire criminal proceeding." *Ditch*, 479 F.3d at 255.

We reject Bango's argument that his brief lack of counsel at his post-plea detention hearing constitutes reversible error because it clearly did not "undermine the reliability of the entire criminal proceeding." *Id.* As to the reliability of his conviction, Bango was represented by counsel at every other stage of his criminal proceeding, including the change of plea hearing on April 29, 2009. Bango then filed his motion to withdraw his guilty plea *pro se* on May 22, 2009, despite the fact that he was represented by counsel at the time. The District Court denied Bango's motion immediately after granting the FPDO motion to withdraw, noting, "I have prepared an order denying that motion, which we will file right now," and without hearing argument from either party. (Supp. App. 96.) Bango's *pro se* appearance at the remainder of the hearing thus cannot have "contaminated" the District Court's denial of his motion to withdraw his guilty plea, as the District Court resolved the merits of his motion in advance of that hearing, when Bango was still represented by counsel.

Nor are we persuaded that Bango's later sentencing, at which he was represented by counsel, was "contaminated" by his earlier lack of representation. The District Court did not rely on any information from the May 28, 2009 hearing when it imposed Bango's sentence of 21 months in prison. Additionally, his 4-month detention between the post-plea hearing and sentencing did not prejudice him because it was counted against his 21-

5

month sentence.  Thus, even if we were to hold that the District Court's decision to deny Bango counsel was error, it would be harmless error for which no remedy is afforded.

We therefore reject Bango's Sixth Amendment challenge to his conviction and sentence.

B.

Next, we will address Bango's argument that the government breached the plea agreement by failing to move for an additional one-point reduction in his offense level under U.S.S.G. § 3E1.1(b).  The plea agreement explicitly states that "[t]he Government will not . . . move for an additional one-point reduction under United States Sentencing Guideline Section 3E1.1(b)."  Bango's only arguments to the contrary pertain to alleged oral representations which do not support his contentions and, in any event, cannot modify the terms of a written agreement.  (Bango Br. 16-18.)  Accordingly, we reject Bango's claim that the government breached the terms of his plea agreement.

C.

Finally, we address the procedural and substantive reasonableness of Bango's sentence.

Bango argues that the District Court incorrectly calculated his Sentencing Guidelines range by assigning a Base Offense Level of 16, rather than 12.  Guidelines § 2A3.5 assigns a Base Offense Level of 16 for violations of 18 U.S.C. § 2250(a) by defendants who were required to register as Tier III sex offenders.  Thus, the only issue is

whether Bango was a "Tier III" sex offender as defined in 42 U.S.C. § 16911(4). Section 16911(4) defines a Tier III sex offender as one "whose offense is punishable by imprisonment for more than 1 year and . . . is comparable to or more severe than . . . aggravated sexual abuse or sexual abuse (as described in sections 2241 and 2242 of Title 18)." Bango was convicted under Fla. Stat. § 794.011(3) which states, "A person who commits sexual battery upon a person 12 years of age or older, without that person's consent, and in the process thereof uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious personal injury commits a life felony." This statute is certainly "comparable to or more severe than" the criminal conduct described in §§ 2241 and 2242. *See* 18 U.S.C. § 2241 (defining "aggravated sexual abuse" as "knowingly caus[ing] another person to engage in a sexual act . . . by using force against that other person; or . . . by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnaping."); *id.* § 2242 (defining "sexual abuse" as "knowingly caus[ing] another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping)"). The District Court therefore properly concluded that Bango was a Tier III sex offender with a Base Offense Level of 16 under the Sentencing Guidelines.

Bango also challenges the District Court's imposition of a special condition of supervised release requiring him to disclose to current and prospective female tenants his

convictions for sexual battery with force or injury and failing to register as a sex offender. We review special conditions of supervised release under a deferential abuse of discretion standard. *See United States v. Voelker*, 489 F.3d 139, 143 n.1 (3d Cir. 2007). A district court may impose a special condition of supervised release so long as it is "reasonably related" to the sentencing factors in § 3553(a) and "involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth" in that statute. 18 U.S.C. § 3583(d). Among the § 3553(a) factors that a special condition must be "reasonably related" to is the need for the sentence "to protect the public from further crimes of the defendant." *Id.* § 3553(a)(2)(C).

> In imposing this special condition, the District Court reasoned that
>
> > [a]s a landlord, Mr. Bango would likely have a key to [his] houses and at the very least would know where the properties were and who lived in them. Given the nature of Mr. Bango's underlying offense and his failure to register in this case, requiring Mr. Bango to notify actual and prospective female tenants of his past . . . is a reasonable condition for supervision.

(Supp. App. 135-36.) We agree. The existence of a registration requirement for certain sexual offenders evidences Congress' judgment that the public has a right to be forewarned of the location of such individuals. As a landlord, Bango is entrusted to some degree with the safety of his tenants' homes and persons. His prior failure to register as a sex offender deprives his tenants, who may be uniquely vulnerable to any future criminal conduct, of that information. Thus, the District Court's imposition of a notification requirement for female tenants is "reasonably related" to the need for Bango's sentence

8

"to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(2)(C), 3583(d).

Bango next challenges the denial of his two motions for downward departures, as well as his additional motion for a downward departure that the District Court did not consider because it was untimely made. "We do not have jurisdiction to review discretionary decisions by district courts to not depart downward . . . [unless] the district court's refusal to depart downward is based on the mistaken belief that it lacks discretion to do otherwise." *United States v. Jones*, 566 F.3d 353, 366 (3d Cir. 2009) (quoting *United States v. Vargas*, 477 F.3d 94, 103 (3d Cir. 2007)). The transcript from Bango's sentencing hearing demonstrates that the District Court considered his first two motions and was well aware of its authority to grant them. Accordingly, we lack jurisdiction to consider these claims. With regard to the untimely motion, a district court retains the discretion to consider an untimely motion for a downward departure but is not obligated to do so. *See United States v. Rashid*, 274 F.3d 407, 416 (6th Cir. 2001). Bango's third motion was plainly untimely,[1] and the District Court was within its discretion in declining to consider it.

---

[1]Rule 32 of the Federal Rules of Criminal Procedure and the District of Delaware Local Rule 8 require that objections to the presentence report be made 14 days prior to the sentencing hearing. Bango raised his third motion for a downward departure at the sentencing hearing.

Finally, Bango alleges that his sentence of 21 months of incarceration is procedurally and substantively unreasonable because the District Court failed to adequately consider and apply the sentencing factors in § 3553(a), and failed to credit mitigating factors such as evidence of rehabilitation. We first note that the District Court properly began by correctly calculating the Sentencing Guidelines and ruling on any motions for departure. *See United States v. Wise*, 515 F.3d 207, 216 (3d Cir. 2008) ("[A] district court must begin the process by correctly calculating the applicable Guidelines range . . . [and then] 'formally rul[ing] on the motions of both parties.'") (quoting *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006)). The District Court then carefully considered each § 3553(a) factor in light of Bango's individual situation. (*See* Supp. App. 163-70.) The sentence is therefore procedurally reasonable.

Substantively, a district court is required to give the § 3553(a) factors "meaningful consideration" as they relate to the defendant's individual case, including consideration of relevant mitigating factors. *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). A sentence is not, however, rendered unreasonable simply because the district court "fail[ed] to give mitigating factors the weight a defendant contends they deserve." *United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007). The record here is clear that the District Court gave "meaningful consideration" to the relevant sentencing factors and weighed those factors against any allegedly mitigating considerations. The Court addressed Bango's background and characteristics, record evidence of his medical

10

evaluations, and the seriousness of his offense.  (Supp. App. 164-69.)  The District Court then imposed the minimum sentence recommended by the Guidelines – 21 months – which we may afford a "presumption of reasonableness."  *See Rita v. United States*, 551 U.S. 338, 347 (2007).

Because Bango's sentence is both procedurally and substantively reasonable, we will affirm the District Court.

IV.

For the foregoing reasons, we affirm the District Court's judgment of conviction and sentence.