KETHLEDGE, Circuit Judge,
concurring in part and dissenting in part.
Stock never argued to the district court that his Indiana conviction for sexual battery should be treated as a Tier II offense *631 rather than a Tier III one. Thus, to the extent we choose to review the issue at all, we review it only for plain error. Here, there were conflicting signals both factually and legally: One other circuit has held that a similar conviction for sexual battery is properly treated as a Tier III offense, see United States v. Bango, 386 Fed.Appx. 50 (3d Cir.2010); and the alleged conduct giving rise to the Indiana conviction was outright rape. I therefore do not think that any error here was plain.
I also think that Stock’s sentence fell within the latitude afforded the sentencing judge. Stock has been engaged in crime almost continuously throughout his adult life, with surprisingly little consequence in terms of incarceration. The district court properly emphasized these points and others in its analysis under 18 U.S.C. § 3553(a). I would affirm the court’s judgment.
Subject only to these two points of departure, I join my colleagues’ thoughtful opinion in this case.